**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GABINO SANCHEZ,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

Plaintiff,

v.

JMP VENTURES, LLC d/b/a HARRY'S ITALIAN, HIP AT MURRAY STREET, LLC d/b/a HARRY'S ITALIAN, HIP AT RC, LLC d/b/a HARRY'S ITALIAN, PAUL LAMAS, PETER POULAKAKOS, DANIEL MCDONALD, MICHAEL JEWELL, DOMINICK ANTONELLI, GARY EGGERS, ROBERT LUCKEY, RAYMOND O'SULLIVAN, VICTOR WRIGHT, ROBERT PADALA, and HARRY POULAKAKOS,

Defendants.

Civil Action No.: 13-cv-7264

**DECLARATION OF GABINO SANCHEZ**

I, GABINO SANCHEZ, under penalty of perjury, affirm as follows:

1. From in or about February 2012 to on or about June 10, 2012, I was employed as a delivery person by Defendants at their "Harry's Italian" restaurant located at 2 Gold Street, New York, NY 10038. From on or about June 10, 2012, I was transferred to and started to work at "Harry's Italian" restaurant located at 225 Murray Street, New York, NY 10282, until on or about September 13, 2012. During my employment I was known by my nickname "Chavelo."

2. During my employment with Defendants, I was repeatedly sent to other "Harry's Italian" restaurants to pick up supplies and inventory. I also witnessed the manager of the "Harry's Italian" restaurant located at 30 Rockefeller Plaza visit the "Harry's Italian" located at 2 Gold Street and 225 Murray Street to pick up supplies and inventory. During my employment

with Defendants, I witnessed that employees were interchangeable amongst the three "Harry's Italian" restaurants (together, the "Harry's Italian Restaurants").

3. From February 2012 to June 10, 2012, when I worked at "Harry's Italian" located at 2 Gold Street, I had a regular schedule of working six days a week. I worked from 10 am to 10 pm for three days a week and 10 am to 4 pm for three days a week, totaling 54 hours per week.

4. From June 10, 2012 to September 13, 2012, when I worked at "Harry's Italian" located at 225 Murray Street, I had a regular schedule of working six days a week from 10 am to 5 pm, totaling 42 hours per week.

5. Based on my personal observations and conversations with other non-managerial employees employed at Harry's Italian Restaurants, it has been the common practice for non-managerial employees to work in excess of 40 hours per week. Based on conversations with other non-managerial employees, such has been the policy since the inception of each Harry's Italian Restaurant.

6. I was paid an hourly rate of $5.00 during my period of employment as a delivery person. Although I was hired as a delivery person and in fact made deliveries during the entire period of my employment with Defendants, I was paid below the $5.65 statutory compensation required for delivery employees. Based on my conversations with other delivery workers employed at the Harry's Italian Restaurants, they were all paid at similar illegal rates. Because of the illegal regular rate, overtime rates for delivery persons employed by Defendants were also similarly illegal.

7. Based on my personal observations and conversations with other employees employed at Harry's Italian Restaurants, it has been the common practice for Defendants since the inception of their restaurants to not provide a proper notice of a tip credit. Neither I nor any

other tipped employees employed at Harry's Italian Restaurants were explained why we were being paid below the minimum wage, how our overtime rate was derived or the amount of tip credit allowance taken.

8. Based on my personal observations and conversations with other employees employed at Harry's Italian Restaurants, it has been the common practice for Defendants since the inception of their restaurants to require tipped employees to engage in more than two hours or 20% of our working time in non-tipped activities such as cleaning the restaurant, cleaning utensils, folding napkins and other non-tipped activities. For myself, specifically, I was also required to wash dishes and prepare food.

9. Based on my personal observations and conversations with other employees employed at Harry's Italian Restaurants, it has been the common practice for Defendants since the inception of their restaurants to not provide proper wage statements to tipped employees. Specifically, Defendants failed to provide tipped employees notice of their intent to claim a tip allowance.

10. During my employment with Defendants in 2012, I never received any wage and hour notice at the beginning of my employment at each of the two Harry's Italian Restaurants where I worked. Based on my personal observations and conversations with other employees employed at Harry's Italian Restaurants during 2012, it is Defendants' policy to not provide such notices to any employees.

11. Based on my personal observations and conversations with other non-managerial employees employed at each of the Harry's Italian Restaurants, it has been the common practice for non-managerial employees to work in excess of 10 hours per day since the inception of each Harry's Italian Restaurant.

12. Based on my personal observations and conversations with other non-managerial employees employed at Harry's Italian Restaurants, even if a non-managerial employee (including myself) has a workday exceeding 10 hours, he will not receive any spread of hour compensation. Based on conversations with other non-managerial employees, such has been the policy since the inception of each Harry's Italian Restaurant.

13. Based on my personal observations and conversations with other non-managerial employees employed at Harry's Italian Restaurants, if a non-managerial employee (including myself) is sent home early because business is slow, he will not receive any compensation. Based on conversations with other non-managerial employees, such has been the policy since the inception of each Harry's Italian Restaurant.

14. Based on my personal observations and conversations with other non-managerial employees employed at Harry's Italian Restaurants, Defendants have claimed a meal credit for every employee even if meals are not eaten. Moreover, Defendants do not provide a proper notice that they are taking a meal credit, as I (nor any other employee) was never informed how much allowance is being deducted for each meal. Based on conversations with other non-managerial employees, such has been the policy since the inception of each Harry's Italian Restaurant.

15. My claims described herein were based on personal observations and conversations with employees of Harry's Italian Restaurants, although I cannot remember many of their names. However, I have provided below certain people whose names I do remember and who has also indicated that they suffered similar violations as described in this affidavit:

| Name | Location |
|---|---|
| Alejandro [last name unknown] | 225 Murray Street, New York, NY |
| Carlos [last name unknown] | 225 Murray Street, New York, NY |
| Esteban [last name unknown] | 225 Murray Street, New York, NY |
| Daniel [last name unknown] | 225 Murray Street, New York, NY |
| Don Juan [last name unknown] | 225 Murray Street, New York, NY |
| Marcelo [last name unknown] | 2 Gold Street, New York, NY |
| Esteban [last name unknown] | 2 Gold Street, New York, NY |

16. I agree to act as a class representative and am of sound mind and body.

17. I do not have any conflicts with prospective class members.

[REST OF PAGE LEFT INTENTIONALLY BLANK]

I affirm, under penalty of perjury, that the above and foregoing information is true and correct.

Dated: New York, New York
12/20/13

GABINO SANCHEZ

STATE OF NEW YORK )
) SS:
COUNTY OF NEW YORK )

SWORN AND SUBSCRIBED before me this 20th day of December, 2013.

NOTARY PUBLIC, STATE OF NEW YORK

ANNE SEELIG-SUHRCKE
Notary Public, State of New York
No. 02SE6113610
Qualified in New York County
Commission Expires 08-02-2016

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GABINO SANCHEZ,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

Plaintiff,

v.

JMP VENTURES, LLC d/b/a HARRY'S ITALIAN, HIP AT MURRAY STREET, LLC d/b/a HARRY'S ITALIAN, HIP AT RC, LLC d/b/a HARRY'S ITALIAN, PAUL LAMAS, PETER POULAKAKOS, DANIEL MCDONALD, MICHAEL JEWELL, DOMINICK ANTONELLI, GARY EGGERS, ROBERT LUCKEY, RAYMOND O'SULLIVAN, VICTOR WRIGHT, ROBERT PADALA, and HARRY POULAKAKOS,

Defendants.

Civil Action No.: 13-cv-7264

## DECLARACIÓN DE GABINO SANCHEZ

Yo, GABINO SANCHEZ, bajo pena de perjurio, afirmo lo siguiente:

1. Desde más o menos Febrero 2012, hasta más o menos Junio 10, 2012, yo fui empleado como una persona de entrega por los Demandados en su restaurante "Harry's Italian," ubicado en 2 Gold Street, New York, NY 10038. Desde más o menos Junio 10, 2012, yo fui transferido y empeze a trabajar en el restaurante "Harry's Italian", ubicado en 225 Murray Street, New York, NY 10282, hasta más o menos Septiembre 13, 2012. Durante mi empleo, me conocian por mi apodo "Chavelo".

2. Durante mi empleo con los Demandados, yo era repetidamente mandado a otros restaurantes de "Harry's Italian" para recojer suministros e inventario. Tambien fui testigo de que el encargado del "Harry's Italian" ubicado en 30 Rockerfeller Plaza visitaba los "Harry's Italian" ubicados en 2 Gold Street y 225 Murray Street para recojer suministros e inventario.

Durante mi empleo con los Demandados, fui testigo de que los empleados eran intercambiable entre los tres restaurantes de "Harry's Italian" (juntos, los "Restaurantes Harry's Italian").

3. Desde Febrero 2012 hasta Junio 10, 2012 cuando trabajaba en el "Harry's Italian" ubicado en 2 Gold Street, tenia un horario regular de seis dias a la semana. Trabajaba desde las 10:00 a.m. hasta las 10:00 p.m. por tres dias a la semana, y de 10:00 a.m. hasta las 4:00 p.m. por tres dias a la semana, por un total de 54 horas por semana.

4. Desde Junio 10, 2012 hasta Septiembre 13, 2012 cuando trabajaba en el "Harry's Italian" ubicado en 225 Murray Street, tenia un horario regular de 10:00 a.m. hasta las 5:00 p.m. por seis dias a la semana, por un total de 42 horas por semana.

5. Basado en mis observaciones personales y conversaciones con otros empleados no-directivos empleados en los Restaurantes Harry's Italian, ha sido la práctica común que los empleados no-directivos trabajen más de 40 horas por semana. Basado en mis conversaciones con otros empleados no-directivos, tal ha sido la práctica desde el inicio de cada uno de los Restaurantes Harry's Italian.

6. Yo era pagado una tarifa por hora de $5.00 durante mi período de empleo como una persona de entrega. Aunque fui contractado como una persona de entrega, y de hecho hacia entregas durante todo el período de mi empleo por los Demandados, yo era pagado por debajo de la compensacion legal de $5.65 requrida para personas de entrega. Basado en mis conversaciones con otros trabajadores de entrega empleados en los Restaurantes Harry's Italian, ellos eran todos pagados a tarifas illegales similares. Debido a la tarifa regular illegal, las tarifas de horas extras de personas de entrega empleadas por los Demandados, tambien eran similarmente illegales.

7. Basado en mis observaciones personales y conversaciones con otros empleados que han trabajado en los Restaurantes Harry's Italian, ha sido la práctica común de los Demandados, desde el inicio de sus restaurantes, no proporcionar un aviso del credito de

propinas adecuado. Ni yo, ni ningun otro empleado que recibe propinas, empleado en los Restaurantes Harry's Italian fuimos explicado el porque nos estaban pagando bajo el salario minimo, como nuestras tarifas de horas extras era derivadas, ni la cantidad de credito de propina tomada.

8. Basado en mis observaciones personales y conversaciones con otros empleados que han trabajado en los Restaurantes Harry's Italian, ha sido la práctica común de los Demandados desde el inicio de sus restaurantes de requerir que empleados que reciben propinas participen por más de dos horas o 20% de nuestro tiempo de trabajo en actividades por las cual no se recibe propinas tales como limpiar el restaurante, limpiar utensilios, doblar servilletas y otras actividades por la cual no se reciben propinas. Para mí, especificamente, también era requerido a lavar platos y preparar comida.

9. Basado en mis observaciones personales y conversaciones con otros empleados que han trabajado en los Restaurantes Harry's Italian, ha sido la práctica común de los Demandados desde el inicio de sus restaurantes no proporcionar declaraciones de salarios adecuados a empleados que reciben propinas. Específicamente, los Demandados no les proporcionaron a los empleados que reciben propina ningun aviso de su intención de reclamar un credito de propinas.

10. Durante mi empleo con los Demandados en 2012, nunca recibi ningún aviso de sueldo y horas al principio de mi empleo en cada uno de los dos Restaurantes Harry's Italian donde trabajabe. Basado en mis observaciones personales y conversaciones con otros empleados que han trabajado en los Restaurantes Harry's Italian durante el 2012, es la política de los Demandados no proporcionar tales avisos a los empleados.

11. Basado en mis observaciones personales y conversaciones con otros empleados no-directivos empleados en cada uno de los Restaurantes Harry's Italian, ha sido la práctica

común de que los empleados no-directivos trabajen más de 10 horas por día desde el inicio de cada uno de los Restaurantes Harry's Italian.

12. Basado en mis observaciones personales y conversaciones con otros empleados no-directivos empleados en los Restaurantes Harry's Italian, aun si un empleado no-directivo (incluyéndome a mí) tiene un dia laboral exediendo 10 horas, él no recibe ninguna propagación de prima hora. Basado en conversaciones con otros empleados no-directivos, tal ha sido la política desde el inicio de cada uno de los Restaurantes Harry's Italian.

13. Basado en mis observaciones personales y conversaciones con otros empleados no-directivos empleados en los Restaurantes Harry's Italian, si un empleado no-directivo (incluyéndome a mí) es enviado a casa temprano porque el negocio esté lento, él no recibe ninguna compensación. Basado en conversaciones con otros empleados no-directivos, tal ha sido la política desde el inicio de cada uno de los Restaurantes Harry's Italian.

14. Basado en mis observaciones personales y conversaciones con otros empleados no-directivos empleados en los Restaurantes Harry's Italian, los Demandados han tomado un crédito de comida de cada empleado, incluso si no se consumen comidas. Además, los Demandados no proporcionan un aviso apropiado que están tomando un crédito de comida, si yo (ni cualquier otro empleado) nunca fuimos informado cuánto ha sido deducido por cada comida. Basado en conversaciones con otros empleados no-directivos, tal ha sido la política desde el inicio de cada uno de los Restaurantes Harry's Italian.

15. Mis reclamos descrito aqui son basados en mis observaciones personales y conversaciones con empleados de los Restaurantes Harry's Italian, aunque no me puedo recordar muchos de sus nombres. Sin embargo, he proporcionado por debajo ciertas personas cuyos nombres si recuerdo y quienes también han indicado que sufrieron violaciones similares como son descritas en esta declaración jurada:

| Nombre: | Locál: |
|---|---|
| Alejandro [apellido desconosido] | 225 Murray St., New York, NY |
| Carlos [apellido desconosido] | 225 Murray St., New York, NY |
| Esteban [apellido desconosido] | 225 Murray St., New York, NY |
| Daniel [apellido desconosido] | 225 Murray St., New York, NY |
| Don Juan [apellido desconosido] | 225 Murray St., New York, NY |
| Marcelo [apellido desconosido] | 2 Gold Street, New York, NY |
| Esteban [apellido desconosido] | 2 Gold Street, New York, NY |

16. Estoy de acuerdo en actuar como un representante de la clase y estoy de cuerpo y mente sana.

17. No tengo ningún conflicto con los miembros potenciales de la clase.

[RESTO DE PAGINA DEJADO EN BLANCO INTENCIONALMENTE]

Yo afirmo, bajo pena de perjurio, que la información anterior es verdadera y correcta.

Fechado: Nueva York, Nueva York
12/20/13

GABINO SANCHEZ

ESTADO DE NUEVA YORK )
) SS:
CONDADO DE NUEVA YORK )

JURADO Y SUSCRITO ante mi este 20th dia de December, 2013.

NOTARIO PUBLICO, ESTADO DE NUEVA YORK

ANNE SEELIG-SUHRCKE
Notary Public, State of New York
No. 02SE6113610
Qualified in New York County
Commission Expires 08-02-2016